# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0218, <u>Thedsanamoorthy Kalikuddy v. Sarah Ann Alicea & a.</u>, the court on December 20, 2021, issued the following order:**

Because the tenants, Sarah Ann Alicea and Allan Loria, did not file a brief or a memorandum of law, this case proceeded on the brief filed by the landlord, Thedsanamoorthy Kalikuddy, only. Having considered his brief and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The landlord appeals an order of the Circuit Court (<u>Alfano</u>, J.) entering judgment for the tenants on his summary action for possession of residential property for reasons other than nonpayment of rent. We reverse in part, vacate in part, and remand.

We review the trial court's application of the law to the facts and its statutory interpretation <u>de novo</u>. <u>See</u> <u>Mahmoud v. Town of Thornton</u>, 169 N.H. 387, 389 (2016). We will uphold the trial court's factual findings unless the evidence does not support them or they are erroneous as a matter of law. <u>Town of Atkinson v. Malborn Realty Trust</u>, 164 N.H. 62, 66 (2012).

The landlord first argues that the trial court erred by entering judgment for the tenants based upon RSA 540:13-d. <u>See</u> RSA 540:13-d (2021). RSA 540:13-d provides a defense for a residential tenant to a possessory action for nonpayment of rent if the premises "are in substantial violation of the standards of fitness for health and safety," and if the violation "materially affects the habitability of said premises." RSA 540:13-d, I. However, under the statute's plain language, this defense is available only in an "action for possession based on nonpayment of rent." <u>Id</u>. The landlord's possessory action in this case was based upon the expiration of the lease's term; it was not based upon the tenants' failure to pay rent. Accordingly, RSA 540:13-d does not apply. Accordingly, we reverse the trial court's judgment insofar as it denied the landlord's petition on the basis of RSA 540:13-d.

The landlord next asserts that, to the extent that the trial court found that the property was restricted property, the trial court erred. RSA chapter 540 differentiates "nonrestricted property" from "restricted property." <u>See generally</u> RSA 540:2 (2021). Nonrestricted property "means all real property

rented for non-residential purposes" and certain real property rented for residential purposes, including "[s]ingle-family houses, if the owner of such a house does not own more than 3 single-family houses at any one time."  RSA 540:1-a, I(a) (2021).  Restricted property "means all real property rented for residential purposes, except those properties" listed in RSA 540:1-a, I.  RSA 540:1-a, II (2021).

A landlord may terminate a tenancy involving restricted property only for certain reasons constituting good cause.  RSA 540:2, II; see AIMCO Props. v. Dziewisz, 152 N.H. 587, 589-90 (2005).  By contrast, a tenancy involving nonrestricted property may be terminated for any lawful reason, regardless of whether it constitutes good cause.  See RSA 540:2, I.  In this case, the only reason the landlord gave for terminating the tenancy is that the lease expired, which suffices to terminate a tenancy involving nonrestricted property, but does not constitute good cause sufficient to terminate a tenancy involving restricted property.  See AIMCO Props., 152 N.H. at 590-92.  Accordingly, "[t]he question of whether . . . property constitutes restricted or nonrestricted property is a threshold issue" for the trial court to decide.  Ross, Tr. v. Ross, 170 N.H. 331, 341 (2017).

On the pre-printed notice of judgment form, the trial court checked one box stating that the property is restricted property, but then checked another box concerning the basis for the eviction that would apply only if the property were nonrestricted property.  However, the property cannot be both restricted and nonrestricted.

We are unable to determine, as a matter of law, based upon the record submitted, whether the property is restricted or nonrestricted.  See Augur v. Town of Strafford, 158 N.H. 609, 614 (2009) (explaining that when "the record reveals that a reasonable fact finder necessarily would reach a certain conclusion, . . . we may decide the issue as a matter of law.").  The landlord's writ identifies the property as nonrestricted property on the ground that it is a single-family house and that he does not own more than three such houses.  See RSA 540:1-a, I (a).  However, the evidence that the landlord submitted appears to contradict this assertion.  Specifically, the lease between the parties identifies the property as a "[d]uplex."  Moreover, the landlord did not submit evidence regarding the number of single-family houses that he owns.  Accordingly, we vacate the trial court's findings related to whether the property is restricted or nonrestricted property under RSA 540:1-a and direct it to determine that threshold issue on remand.  See Ross, Tr. v. Ross, 170 N.H. at 341.  If the trial court finds that the property is restricted, it shall enter

judgment in favor of the tenants; if it finds that the property is nonrestricted, it shall enter judgment in favor of the landlord.  See AIMCO Props., 152 N.H. at 590-92.

Reversed in part; vacated in<br>part; and remanded.

  MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**<br>**Clerk**